1  ROBERT E. BELSHAW, ESQ. (SBN 142028)
   OF COUNSEL
2  GUTIERREZ ▪ RUIZ
   244 California Street, Suite 300
3  San Francisco, CA 94111
   Telephone: (415) 398-2385
4  Facsimile: (415) 398-5800

5
   Attorneys for Collegiate Funding Services, Inc.,
6  Collegiate Funding Services LLC, JP Morgan
   Chase Bank, N. A. and Members Connect, Inc.
7

E-filing

8           **UNITED STATES DISTRICT COURT**             **EMC**

9           **NORTHERN DISTRICT OF CALIFORNIA**

10

11  PATRICIA C. SUTTON          ) Case No **C 07 4237**

12              Plaintiff,       )
                                 )  **NOTICE OF REMOVAL OF ACTION**
13                               )
                                 )
14          v.                   )
                                 )
15  COLLEGIATE FUNDING SERVICES, )
    INC., COLLEGIATE FUNDING     )  **JURY TRIAL DEMANDED**
16  SERVICES LLC, JP MORGAN CHASE)
    BANK, N.A. MEMBERS CONNECT INC.)
17  AND DOES ONE THROUGH FIFTY,  )
              Defendants         )  _____
18                               )

19

20

21  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

22  DISTRICT OF CALIFORNIA AND TO PLAINTIFF PATRICIA C. SUTTON AND HER

23  ATTORNEYS OF RECORD:

24          NOTICE IS HEREBY GIVEN that Defendants Collegiate Funding Services, Inc.,

25  Collegiate Funding Services LLC, JP Morgan Chase Bank, N. A. and Members Connect, Inc.

26  defendants in the above captioned action, No. RG07336543 in the files and records of the

27  Superior Court in and for the County of Alameda, hereby files in the United States District

28  Court for the Northern District of California, a Notice of Removal of this action to the United

- 1 -
**NOTICE OF REMOVAL**

1  States District Court pursuant to 28 U.S.C. § 1441 and is filing in said Superior Court a Notice

2  of Removal.

3      Defendants Collegiate Funding Services, Inc., Collegiate Funding Services LLC, JP

4  Morgan Chase Bank, N. A. and Members Connect, Inc. pursuant to 28 U.S.C. § 1441 present

5  the following facts to the United States District Court for the Northern District of California:

6      1.      A civil action bearing the above caption was commenced in the Superior Court

7  in and for the County of Alameda, No. RG07336543 on July 19 2007, and is pending therein.

8      2.      The Complaint in said pending action alleges fifteen claims for relief. The

9  seventh, eighth, ninth and tenth counts seek relief under 42 U. S. C 2000e *et seq.* Counts eleven

10 through fourteen seek relief under  the Age  discrimination in Employment Act (29 U.S.C 621

11 *et seq.* Count fifteen seeks relief under 42 U.S.C. 1981.

12      3.      This action is one which may be properly removed to this Court pursuant to 28

13 U.S.C. 1441 (b) for the reason that the plaintiff in this action alleges violations of the laws of

14 the United States, over which this court has original jurisdiction. To the extent that plaintiff's

15 Complaint alleges claims other than violations of rights under the laws of the United States,

16 said claims may be removed and adjudicated by this Court pursuant to 28 U.S.C. 1441 (c).

17      4.      On information and belief, no Defendant has been served with the Summons

18 and Complaint.  Pursuant to 28 U.S.C.  1446 (b) a copy of the Summons and Complaint are

19 attached hereto as Exhibit A.

20      5.      All named defendants herein have consented to this removal.

21

22 DATED:

23                          GUTIERREZ ▪ RUIZ

24

25                          By: *Robert E Belshaw*

26                              Robert E. Belshaw
                                 Attorney for Defendants
27

28



*5815976*

1  BARBARA A. LAWLESS - Bar # 53195
   SONYA L. SMALLETS - Bar # 226190
2  LAWLESS & LAWLESS
3  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
4  Telephone: (415) 391-7555

5  Attorneys for Plaintiff
   PATRICIA C. SUTTON
6

FILED
ALAMEDA COUNTY

JUL 1 9 2007

By _____

7
              SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
              IN AND FOR THE COUNTY OF ALAMEDA
9
                        (Unlimited Jurisdiction)
10

11
12  PATRICIA C. SUTTON,                    )  No. RG07336545
                                           )
13              Plaintiff,                 )  COMPLAINT FOR DAMAGES ARISING
                                           )  FROM DISCRIMINATION, RETALIATION,
14        vs.                              )  FOR ATTORNEYS' FEES AND COSTS AND
                                           )  FOR PUNITIVE DAMAGES
15  COLLEGIATE FUNDING SERVICES,           )
16  INC., COLLEGIATE FUNDING               )
    SERVICES, LLC, JPMORGAN CHASE          )
17  BANK, N.A., MEMBERS CONNECT INC.       )  JURY TRIAL DEMANDED
    and DOES ONE through FIFTY, inclusive, )
18                                         )  *Amount Demanded Exceeds*
                                           )  *$25,000 (Gov't. Code § 72055)*
19              Defendants.                )

20        Plaintiff PATRICIA C. SUTTON complains against defendants, and each of them, demands a

21  trial by jury of all issues and for causes of action alleges:

22              **FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

23        1.    Plaintiff is ignorant of the true names or capacities of the defendants sued here under

24  the fictitious names DOE ONE through DOE FIFTY, inclusive.  Plaintiff is informed and believes

25  that each of DOE defendants was responsible in some manner for the occurrences and injuries alleged

26  in this complaint.

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint                                                                    -1-

1    2.    At all times mentioned in the causes of action into which this paragraph is
2 incorporated by reference, each and every defendant was the agent or employee of each and every
3 other defendant. In doing the things alleged in the causes of action into which this paragraph is
4 incorporated by reference, each and every defendant was acting within the course and scope of this
5 agency or employment and was acting with the consent, permission, and authorization of each of the
6 remaining defendants. All actions of each defendant alleged in the causes of action into which this
7 paragraph is incorporated by reference were ratified and approved by the officers or managing agents
8 of every other defendant.

9    3.    At the pertinent times mentioned in this complaint, defendant JPMORGAN CHASE
10 BANK, N.A. was a national bank doing business in the State of California. At the pertinent times
11 mentioned in this complaint, defendants COLLEGIATE FUNDING SERVICES, INC. and
12 MEMBERS CONNECT INC. were corporations doing business in the State of California. At the
13 pertinent times mentioned in this complaint, defendant COLLEGIATE FUNDING SERVICES, LLC
14 was a limited liability company doing business in the State of California. Defendant JPMORGAN
15 CHASE BANK, N.A. will be referred to as "JPMORGAN." Defendant COLLEGIATE FUNDING
16 SERVICES, INC., defendant COLLEGIATE FUNDING SERVICES, LLC, and defendant
17 MEMBERS CONNECT INC. will be referred to collectively as "CFS." Defendant COLLEGIATE
18 FUNDING SERVICES, INC., defendant COLLEGIATE FUNDING SERVICES, LLC, defendant
19 MEMBERS CONNECT INC., and defendant JPMORGAN CHASE BANK, N.A. will be referred to
20 collectively as "DEFENDANTS."

20    4.    On or about September 2, 2003, defendant CFS  hired plaintiff for the position of VP
21 Sales West.

22    5.    Plaintiff received raises recognizing her satisfactory performance throughout her
23 employment.

24    6.    At all times, plaintiff performed her job in a satisfactory manner. Plaintiff regularly
25 received satisfactory evaluations of her performance.

26    7.    Plaintiff was terminated on the basis of her color, race, national origin, and sex, or any

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint                                                                          -2-

1  combination of those; and despite her continued satisfactory job performance on or about March 29,

2  2006, in violation of the Fair Employment and Housing Act, Title VII, ADEA, and 42 U.S.C. § 1981.

3

4  **FIRST CAUSE OF ACTION**
   **Racial Discrimination in Violation of the**

5  **California Fair Employment and Housing Act**

6      As a first, separate and distinct cause of action, plaintiff complains against DEFENDANTS

7  and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

8      8.    Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though

9  set forth here in full.

10      9.    DEFENDANTS and DOES ONE through FIFTY are employers in the State of

11  California, as defined in the California Fair Employment and Housing Act ("FEHA").

12      10.    DEFENDANTS and DOES ONE through FIFTY discriminated against plaintiff on the

13  basis of her color and race, African American, and discharged plaintiff and/or failed to hire her

14  because of her race, African-American, in violation of the California Fair Employment and Housing

15  Act. DEFENDANTS told plaintiff that she was terminated due to changes in business related to the

16  acquisition of CPS by JPMORGAN. Other Caucasian CPS employees were not terminated as a result

17  of the same change in business even though they were less qualified and less experienced than

18  plaintiff and plaintiff was not selected for other open positions. Defendants engaged in a pattern and

19  practice of discrimination. The policies of defendants which were neutral on their face resulted in a

20  disparate impact on the class of African Americans and plaintiff was treated differently because of her

   color and race.

21      11.    Plaintiff filed a charge of race discrimination with the California Department of Fair

22  Employment and Housing within one year of the discrimination. The Department issued plaintiff a

23  right-to-sue letter within one year of the filing of this complaint. Plaintiff has exhausted her

24  administrative remedies.

25      12.    Plaintiff suffered damages legally caused by these defendants' discrimination as stated

26  in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint                                                                                    -3-

1  forth here in full.

2

3                          **SECOND CAUSE OF ACTION**
                  **National Origin Discrimination in Violation of the**
4                    **California Fair Employment and Housing Act**

5

6       As a second, separate and distinct cause of action, plaintiff complains against DEFENDANTS

7  and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

8       13.    Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though
   set forth here in full.

9
        14.    DEFENDANTS and DOES ONE through FIFTY are employers in the State of
10
   California, as defined in the California Fair Employment and Housing Act ("FEHA").
11
        15.    DEFENDANTS and DOES ONE through FIFTY discriminated against plaintiff on the
12
   basis of her national origin, Trinidad-American, and discharged and/or failed to hire plaintiff because
13
   of her national origin, Trinidad-American, in violation of the California Fair Employment and
14
   Housing Act. DEFENDANTS told plaintiff that she was terminated due to changes in business
15
   related to the acquisition of CPS by JPMORGAN. Other American CPS employees were not
16
   terminated as a result of the same change in business even though they were less qualified and less
17
   experienced than plaintiff and plaintiff was not selected for other open positions. Defendants engaged
18
   in a pattern and practice of discrimination. The policies of defendants which were neutral on their
19
   face resulted in a disparate impact on the class of Trinidad-Americans and plaintiff was treated
20
   differently because of her national origin.

21      16.    Plaintiff filed a charge of national origin discrimination with the California

22  Department of Fair Employment and Housing within one year of the discrimination. The Department

23  issued plaintiff a right-to-sue letter within one year of the filing of this complaint. Plaintiff has

24  exhausted her administrative remedies.

25      17.    Plaintiff suffered damages legally caused by these defendants' discrimination as stated

26  in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set
   forth here in full.

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint                                                                    -4-

### THIRD CAUSE OF ACTION
### Sex Discrimination in Violation of the
### California Fair Employment and Housing Act

As a third, separate and distinct cause of action, plaintiff complains against DEFENDANTS and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

18.     Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though set forth here in full.

19.     DEFENDANTS and DOES ONE through FIFTY are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

20.     DEFENDANTS and DOES ONE through FIFTY discriminated against plaintiff on the basis of her sex, female, and discharged and/or failed to hire plaintiff because of her sex, female, in violation of the California Fair Employment and Housing Act. DEFENDANTS told plaintiff that she was terminated due to changes in business related to the acquisition of CPS by JPMORGAN. Other male CPS employees were not terminated as a result of the same change in business even though they were less qualified and less experienced than plaintiff and plaintiff was not selected for other open positions. Defendants engaged in a pattern and practice of discrimination. The policies of defendants which were neutral on their face resulted in a disparate impact on the class of female employees and plaintiff was treated differently because of her sex.

21.     Plaintiff filed a charge of sex discrimination with the California Department of Fair Employment and Housing within one year of the discrimination. The Department issued plaintiff a right-to-sue letter within one year of the filing of this complaint. Plaintiff has exhausted her administrative remedies.

22.     Plaintiff suffered damages legally caused by these defendants' discrimination as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

///

///

///

---

Complaint                                                                                                    -5-

## FOURTH CAUSE OF ACTION
### Age Discrimination in Violation of the
### California Fair Employment and Housing Act

As a fourth, separate and distinct cause of action, plaintiff complains against DEFENDANTS and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

23.     Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though set forth here in full.

24.     DEFENDANTS and DOES ONE through FIFTY are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

25.     DEFENDANTS and DOES ONE through FIFTY discriminated against plaintiff on the basis of her age, 50, and discharged and/or failed to hire plaintiff because of her age, 50, in violation of the California Fair Employment and Housing Act. DEFENDANTS told plaintiff that she was terminated due to changes in business related to the acquisition of CPS by JPMORGAN. Other, younger CPS employees were not terminated as a result of the same change in business even though they were less qualified and less experienced than plaintiff and plaintiff was not selected for other open positions. Defendants engaged in a pattern and practice of discrimination. The policies of defendants which were neutral on their face resulted in a disparate impact on the class of older employees and plaintiff was treated differently because of her age.

26.     Plaintiff filed a charge of age discrimination with the California Department of Fair Employment and Housing within one year of the discrimination. The Department issued plaintiff a right-to-sue letter within one year of the filing of this complaint. Plaintiff has exhausted her administrative remedies.

27.     Plaintiff suffered damages legally caused by these defendants' discrimination as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

///

///

///

_____
Complaint                                                                                              -6-

## FIFTH CAUSE OF ACTION
### Discrimination in Violation of the
### California Fair Employment and Housing Act

As a fifth, separate and distinct cause of action, plaintiff complains against DEFENDANTS and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

28.     Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though set forth here in full.

29.     DEFENDANTS and DOES ONE through FIFTY are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

30.     DEFENDANTS and DOES ONE through FIFTY discriminated against plaintiff on the basis of her color, race (African-American), national origin (Trinidad-American), sex (female), and age (50), or any combination of these, and discharged and/or failed to hire plaintiff because of her color, race (African-American), national origin (Trinidad-American), sex (female), and age (50) or any combination of these, in violation of the California Fair Employment and Housing Act. DEFENDANTS told plaintiff that she was terminated due to changes in business related to the acquisition of CPS by JPMORGAN. Other younger American Caucasian male CPS employees were not terminated as a result of the same change in business even though they were less qualified and less experienced than plaintiff. Defendants engaged in a pattern and practice of discrimination. The policies of defendants which were neutral on their face resulted in a disparate impact on the class of African-American, Trinidad-American, female, and older employees or any combination of these, and plaintiff was treated differently on those bases.

31.     Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing within one year of the discrimination. The Department issued plaintiff a right-to-sue letter within one year of the filing of this complaint. Plaintiff has exhausted her administrative remedies.

32.     Plaintiff suffered damages legally caused by these defendants' discrimination as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4225

Complaint                                                          -7-

### SIXTH CAUSE OF ACTION
### Retaliation in Violation of the
### California Fair Employment and Housing Act

As a sixth, separate and distinct cause of action, plaintiff complains against DEFENDANTS and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

33.    Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though set forth here in full.

34.    DEFENDANTS and DOES ONE through FIFTY are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

35.    DEFENDANTS and DOES ONE through FIFTY retaliated against plaintiff on the basis of her complaining about a warning which was unfounded and issued on the basis of plaintiff's race, national origin, sex, and/or age. Plaintiff complained about this improper and discriminatory warning. The warning was retracted and the human resources department of CFS promised to remove the warning from plaintiff's personnel file. However, record of the complaint was not removed from plaintiff's personnel file and was subsequently used by DEFENDANTS as a basis for failing to hire and/or firing plaintiff. Plaintiff was retaliated against because she complained about the treatment to which she was subjected in violation of the California Fair Employment and Housing Act. Defendants engaged in a pattern and practice of retaliation. The policies of defendants which were neutral on their face resulted in a disparate impact on the class of individuals who complained about the treatment to which they were subjected and plaintiff was treated differently because of her complaints.

36.    Plaintiff filed a charge of retaliation with the California Department of Fair Employment and Housing within one year of the retaliation. The Department issued plaintiff a right-to-sue letter within one year of the filing of this complaint. Plaintiff has exhausted her administrative remedies.

37.    Plaintiff suffered damages legally caused by these defendants' retaliation as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint                                                                              -8-

**SEVENTH CAUSE OF ACTION**
**Racial Discrimination in Violation of Title VII**

As a seventh, separate and distinct cause of action, plaintiff complains against DEFENDANTS and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

38.    Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though set forth here in full.

39.    DEFENDANTS and DOES ONE through FIFTY are employers as defined in Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. ("Title VII").

40.    DEFENDANTS and DOES ONE through FIFTY discriminated against plaintiff on the basis of her color and race, African-American, and discharged plaintiff and/or failed to hire her because of her race, African-American, in violation of Title VII. DEFENDANTS told plaintiff that she was terminated due to changes in business related to the acquisition of CPS by JPMORGAN. Other Caucasian CPS employees were not terminated as a result of the same change in business even though they were less qualified and less experienced than plaintiff and plaintiff was not selected for other open positions. Defendants engaged in a pattern and practice of discrimination. The policies of defendants which were neutral on their face resulted in a disparate impact on the class of African-Americans and plaintiff was treated differently because of her color and race.

41.    Plaintiff filed a charge of race discrimination with the Equal Opportunity Employment Commission within 300 days of the discrimination. The Commission issued plaintiff a right-to-sue letter within ninety days of the filing of this complaint. Plaintiff has exhausted her administrative remedies.

42.    Plaintiff suffered damages legally caused by these defendants' discrimination as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

///

///

///

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint                                                                                          -9-

1
2

**EIGHTH CAUSE OF ACTION**
**National Origin Discrimination in Violation of Title VII**

3       As an eighth, separate and distinct cause of action, plaintiff complains against DEFENDANTS
4  and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

5       43.    Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though
6  set forth here in full.

7       44.    DEFENDANTS and DOES ONE through FIFTY are employers as defined in Title VII
8  of the Civil Rights Act, 42 U.S.C. §2000e et seq. ("Title VII").

9       45.    DEFENDANTS and DOES ONE through FIFTY discriminated against plaintiff on the
10 basis of her national origin, Trinidad-American and discharged and/or failed to hire plaintiff because
11 of her national origin, Trinidad-American, in violation of Title VII.  DEFENDANTS told plaintiff that
12 she was terminated due to changes in business related to the acquisition of CPS by JPMORGAN.
13 Other American CPS employees were not terminated as a result of the same change in business even
14 though they were less qualified and less experienced than plaintiff and plaintiff was not selected for
15 other open positions.  Defendants engaged in a pattern and practice of discrimination.  The policies of
16 defendants which were neutral on their face resulted in a disparate impact on the class of Trinidad-
17 Americans and plaintiff was treated differently because of her national origin.

18       46.    Plaintiff filed a charge of national origin discrimination with the Equal Opportunity
19 Employment Commission within 300 days of the discrimination.  The Commission issued plaintiff a
20 right-to-sue letter within ninety days of the filing of this complaint.  Plaintiff has exhausted her
21 administrative remedies.

       47.    Plaintiff suffered damages legally caused by these defendants' discrimination as stated
22 in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set
23 forth here in full.

24 ///

25 ///

26 ///

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint                                                                                    -10-

**NINTH CAUSE OF ACTION**
**Sex Discrimination in Violation of Title VII**

As a ninth, separate and distinct cause of action, plaintiff complains against DEFENDANTS and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

48.    Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though set forth here in full.

49.    DEFENDANTS and DOES ONE through FIFTY are employers as defined in Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. ("Title VII").

50.    DEFENDANTS and DOES ONE through FIFTY discriminated against plaintiff on the basis of her sex, and discharged and/or failed to hire plaintiff because of her sex, female, in violation of Title VII. DEFENDANTS told plaintiff that she was terminated due to changes in business related to the acquisition of CPS by JPMORGAN. Other male CPS employees were not terminated as a result of the same change in business even though they were less qualified and less experienced than plaintiff and plaintiff was not selected for other open positions. Defendants engaged in a pattern and practice of discrimination. The policies of defendants which were neutral on their face resulted in a disparate impact on the class of female employees and plaintiff was treated differently because of her sex.

51.    Plaintiff filed a charge of sex discrimination with the Equal Opportunity Employment Commission within 300 days of the discrimination. The Commission issued plaintiff a right-to-sue letter within ninety days of the filing of this complaint. Plaintiff has exhausted her administrative remedies.

52.    Plaintiff suffered damages legally caused by these defendants' discrimination as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

///

///

///

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint                                                                        -11-

## TENTH CAUSE OF ACTION
### Retaliation in Violation of Title VII

As a tenth, separate and distinct cause of action, plaintiff complains against DEFENDANTS and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

53.    Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though set forth here in full.

54.    DEFENDANTS and DOES ONE through FIFTY are employers as defined in Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. ("Title VII").

55.    DEFENDANTS and DOES ONE through FIFTY retaliated against plaintiff on the basis of her complaining about a warning which was unfounded and issued on the basis of plaintiff's race and/or national origin and/or sex. Plaintiff complained about this improper and discriminatory warning. The warning was retracted and the human resources department of CFS promised to remove the warning from plaintiff's personnel file. However, record of the complaint was not removed from plaintiff's personnel file and was subsequently used by DEFENDANTS as a basis for failing to hire and/or firing plaintiff. Plaintiff was retaliated against because she complained about the treatment to which she was subjected in violation of Title VII. Defendants engaged in a pattern and practice of retaliation. The policies of defendants which were neutral on their face resulted in a disparate impact on the class of individuals who complained about the treatment to which they were subjected and plaintiff was treated differently because of her complaints.

56.    Plaintiff filed a charge of retaliation with the Equal Opportunity Employment Commission within 300 days of the discrimination. The Commission issued plaintiff a right-to-sue letter within ninety days of the filing of this complaint. Plaintiff has exhausted her administrative remedies.

57.    Plaintiff suffered damages legally caused by these defendants' retaliation as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

///

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint                                                                              -12-

## ELEVENTH CAUSE OF ACTION
### Age Discrimination in Violation of the
### Age Discrimination in Employment Act

As a eleventh, separate and distinct cause of action, plaintiff complains against DEFENDANTS and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

58.    Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though set forth here in full.

59.    DEFENDANTS and DOES ONE through FIFTY are employers as defined in the Age Discrimination in Employment Act ("ADEA").

60.    DEFENDANTS and DOES ONE through FIFTY discriminated against plaintiff on the basis of her age, 50, and discharged and/or failed to hire plaintiff because of her age, 50, in violation of the ADEA. DEFENDANTS told plaintiff that she was terminated due to changes in business related to the acquisition of CPS by JPMORGAN. Other younger CPS employees were not terminated as a result of the same change in business even though they were less qualified and less experienced than plaintiff and plaintiff was not selected for other open positions. Defendants engaged in a pattern and practice of discrimination. The policies of defendants which were neutral on their face resulted in a disparate impact on the class of older employees and plaintiff was treated differently because of her age.

61.    Plaintiff filed a charge of age discrimination with the Equal Opportunity Employment Commission within 300 days of the discrimination. The Commission issued plaintiff a right-to-sue letter within ninety days of the filing of this complaint. Plaintiff has exhausted her administrative remedies.

62.    Plaintiff suffered damages legally caused by these defendants' discrimination as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

///

///

///

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint

-13-

## TWELFTH CAUSE OF ACTION
### Retaliation in Violation of the
### Age Discrimination in Employment Act

As a twelfth, separate and distinct cause of action, plaintiff complains against DEFENDANTS and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

63.    Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though set forth here in full.

64.    DEFENDANTS and DOES ONE through FIFTY are employers as defined in the Age Discrimination in Employment Act ("ADEA").

65.    DEFENDANTS and DOES ONE through FIFTY retaliated against plaintiff on the basis of her complaining about a warning which was unfounded and issued on the basis of plaintiff's age. Plaintiff complained about this improper and discriminatory warning.  The warning was retracted and the human resources department of CFS promised to remove the warning from plaintiff's personnel file.   However, record of the complaint was not removed from plaintiff's personnel file and was subsequently used by DEFENDANTS as a basis for failing to hire and/or firing plaintiff. Plaintiff was retaliated against because she complained about the treatment to which she was subjected in violation of the ADEA.  Defendants engaged in a pattern and practice of retaliation.  The policies of defendants which were neutral on their face resulted in a disparate impact on the class of individuals who complained about the treatment to which they were subjected and plaintiff was treated differently because of her complaints.

66.    Plaintiff filed a charge of retaliation with the Equal Opportunity Employment Commission within 300 days of the discrimination.  The Commission issued plaintiff a right-to-sue letter within ninety days of the filing of this complaint.  Plaintiff has exhausted her administrative remedies.

67.    Plaintiff suffered damages legally caused by these defendants' retaliation as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

///

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint                                                                    -14-

### THIRTEENTH CAUSE OF ACTION
### Discrimination in Violation of Title VII and the ADEA

As a thirteenth, separate and distinct cause of action, plaintiff complains against DEFENDANTS and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

68.     Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though set forth here in full.

69.     DEFENDANTS and DOES ONE through FIFTY are employers as defined in Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. ("Title VII") and the Age Discrimination in Employment Act ("ADEA").

70.     DEFENDANTS and DOES ONE through FIFTY discriminated against plaintiff on the basis of her color, race (African-American), national origin (Trinidad-American), sex (female), and age (50), or any combination of these, and discharged and/or failed to hire plaintiff because of her color, race (African-American), national origin (Trinidad-American), sex (female), and age (50) or any combination of these, in violation of Title VII and the ADEA.  DEFENDANTS told plaintiff that she was terminated due to changes in business related to the acquisition of CPS by JPMORGAN. Other younger American Caucasian male CPS employees were not terminated as a result of the same change in business even though they were less qualified and less experienced than plaintiff and plaintiff was not selected for other open positions.  Defendants engaged in a pattern and practice of discrimination.  The policies of defendants which were neutral on their face resulted in a disparate impact on the class of African-American, Trinidad-American, female, and older employees or any combination of these, and plaintiff was treated differently on those bases.

71.     Plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission within 300 days of the discrimination.  The Commission issued plaintiff a right-to-sue letter within ninety days of the filing of this complaint.  Plaintiff has exhausted her administrative remedies.

///

///

---

Complaint

72.     Plaintiff suffered damages legally caused by these defendants' discrimination as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## FOURTEENTH CAUSE OF ACTION
### Retaliation in Violation of Title VII and the ADEA

As a fourteenth, separate and distinct cause of action, plaintiff complains against DEFENDANTS and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

73.     Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though set forth here in full.

74.     DEFENDANTS and DOES ONE through FIFTY are employers as defined in Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. ("Title VII") and the Age Discrimination in Employment Act ("ADEA").

75.     DEFENDANTS and DOES ONE through FIFTY retaliated against plaintiff on the basis of her complaining about a warning which was unfounded and issued on the basis of plaintiff's race and/or national origin and/or sex and/or age. Plaintiff complained about this improper and discriminatory warning. The warning was retracted and the human resources department of CFS promised to remove the warning from plaintiff's personnel file. However, record of the complaint was not removed from plaintiff's personnel file and was subsequently used by DEFENDANTS as a basis for failing to hire and/or firing plaintiff. Plaintiff was retaliated against because she complained about the treatment to which she was subjected in violation of Title VII and the ADEA. Defendants engaged in a pattern and practice of retaliation. The policies of defendants which were neutral on their face resulted in a disparate impact on the class of individuals who complained about the treatment to which they were subjected and plaintiff was treated differently because of her complaints.

76.     Plaintiff filed a charge of retaliation with the Equal Opportunity Employment Commission within 300 days of the discrimination. The Commission issued plaintiff a right-to-sue

///

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint                                    -16-

1    letter within ninety days of the filing of this complaint. Plaintiff has exhausted her administrative

2    remedies.

3         77.    Plaintiff suffered damages legally caused by these defendants' retaliation as stated in

4    the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set

5    forth here in full.

6

7                              **FIFTEENTH CAUSE OF ACTION**
                   **Racial Discrimination in Violation of 42 U.S.C. §1981**

8

9         As a fifteenth, separate and distinct cause of action, plaintiff complains against

10   DEFENDANTS and DOES ONE through FIFTY, and each of them, and for a cause of action alleges:

11        78.    Plaintiff hereby incorporates by reference Paragraphs 1 through 7, inclusive, as though

12   set forth here in full.

13        79.    DEFENDANTS and DOES ONE through FIFTY are employers in the State of

14   California, as defined in 42 U.S.C. § 1981 ("§ 1981").

15        80.    DEFENDANTS and DOES ONE through FIFTY discriminated against plaintiff on the

16   basis of her color and race, African-American, and discharged plaintiff and/or failed to hire her

17   because of her race, African-American, in violation of §1981. DEFENDANTS told plaintiff that she

18   was terminated due to changes in business related to the acquisition of CPS by JPMORGAN. Other

19   Caucasian CPS employees were not terminated as a result of the same change in business even though

20   they were less qualified and less experienced than plaintiff and plaintiff was not selected for other

21   open positions. Defendants engaged in a pattern and practice of discrimination. The policies of

22   defendants which were neutral on their face resulted in a disparate impact on the class of African-

23   Americans and plaintiff was treated differently because of her color and race.

24        81.    Plaintiff suffered damages legally caused by these defendants' discrimination as stated

25   in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set

26   forth here in full.

     ///

LAW OFFICES
LAWLESS & LAWLESS
SUITE 3000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4225

Complaint                                                                                    -17-

**DAMAGES**

82.    As a legal result of the conduct by defendants of which plaintiff complains, plaintiff suffered and continues to suffer substantial losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

83.    At the time plaintiff entered into the employment agreement and continuing thereafter, all parties to the agreement contemplated and it was reasonably foreseeable that breach of the agreement would cause plaintiff to suffer emotional distress. At all times, it was likely in the ordinary course of things that breach of the employment agreement would cause plaintiff to suffer emotional distress. The terms of the employment agreement related to matters which directly concerned plaintiff's comfort, happiness and personal welfare, and defendants were aware of this at the time they entered into the agreement and continuing thereafter. The subject matter of the employment agreement was such as to directly affect plaintiff's self esteem and emotional well being, and defendants were aware of this at the time they entered into the agreement and continuing thereafter.

84.    Plaintiff suffered emotional distress as a legal result of the conduct by defendants of which plaintiff complains. Plaintiff suffered mental distress, suffering and anguish as a legal result of defendants' outrageous conduct, reacting to her discharge with humiliation, embarrassment, anger, disappointment and worry, all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

85.    At all material times, defendants, and each of them, knew that plaintiff depended on her wages and other employee benefits as a source of earned income. At all material times, defendants were in a position of power over plaintiff, with the potential to abuse that power. Plaintiff was in a vulnerable position because of her relative lack of power, because of her reliance on defendants' assurances and forbearance of the possibility of becoming employed elsewhere, because she had placed her trust in defendants, because she depended on her employment for her self esteem and sense of belonging, because she relied upon her employment as a source of income for her support, because a wrongful termination of plaintiff's employment would likely harm plaintiff's ability

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint                                                                      -18-

1  to find other employment, and because of the great disparity in bargaining power between plaintiff

2  and her employer.  Defendants were aware of plaintiff's vulnerability and the reasons for it.

3      86.    Notwithstanding such knowledge, defendants, and each of them, acted oppressively,

4  fraudulently, and maliciously, in willful and conscious disregard of plaintiff's rights, and with the

5  intention of causing or in reckless disregard of the probability of causing injury and emotional distress

6  to the plaintiff.

7      87.    Further, defendants were informed of the oppressive, fraudulent and malicious conduct

8  of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

9      88.    The foregoing conduct of defendants, and each of them, was intentional, willful and

10  malicious and plaintiff is entitled to punitive damages in an amount to conform to proof.

11      89.    Plaintiff also is entitled to attorneys' fees and costs pursuant to California Labor Code

12  §218.5.

13

14                              **PRAYER**

15      Wherefore plaintiff prays for judgment against defendants, and each of them, as follows:

16      1.    For a money judgment representing compensatory damages including lost wages,

17  earnings, retirement benefits and other employee benefits, and all other sums of money, together with

18  interest on these amounts, according to proof;

19      2.    For a money judgment for mental pain and anguish and emotional distress, according

20  to proof;

21      3.    For an award of punitive damages, according to proof;

22      4.    For costs of suit and attorney fees;

23  ///

24  ///

25  ///

26  ///

///

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint                                                                                    -19-

5.    For prejudgment and postjudgment interest;

6.    For any other relief that is just and proper.

7.    For attorney fees pursuant to C.C.P. § 1021.5 and Gov't. Code § 12965(b).


Dated: July 7, 2007                    LAWLESS & LAWLESS

                                by      _____
                                        Barbara A. Lawless
                                        Sonya L. Smallets
                                        Attorneys for Plaintiff


**JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.


Dated: July 7, 2007                    LAWLESS & LAWLESS

                                by      _____
                                        Barbara A. Lawless
                                        Sonya L. Smallets
                                        Attorneys for Plaintiff


LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

Complaint                                                        -2