ROBERT E. BELSHAW, ESQ. (SBN 142028)
Of Counsel
GUTIERREZ ▪ RUIZ
244 California Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 398-2385
Facsimile: (415) 398-5800

Attorneys for Collegiate Funding Services, Inc.,
Collegiate Funding Services LLC, JP Morgan
Chase Bank, N. A. and Members Connect, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA C. SUTTON<br><br>Plaintiff,<br><br>v.<br><br>COLLEGIATE FUNDING SERVICES, INC., COLLEGIATE FUNDING SERVICES LLC, JP MORGAN CHASE BANK, N. A., MEMBERS CONNECT INC., AND DOES ONE THROUGH FIFTY,<br><br>Defendants. | Case No. C074237 EMC<br><br>**ANSWER OF DEFENDANTS COLLEGIATE FUNDING SERVICES, INC., COLLEGIATE FUNDING SERVICES LLC, JP MORGAN CHASE BANK, N. A., and MEMBERS CONNECT INC.,** |

    Defendants Collegiate Funding Services, Inc., Collegiate Funding Services LLC, JP Morgan Chase Bank, N. A. and Members Connect, Inc. (hereinafter collectively "Defendants") answer the complaint of Patricia Sutton as follows:

    1.    Defendants lack information and belief as to the identities of the parties sued herein as DOE ONE through DOE FIFTY and on that basais deny the allegations in this

1  paragraph of the Complaint.

2.  Defendants lack information and belief as to the identities of the parties sued herein as DOE ONE through DOE FIFTY and on that basis deny the allegations in Paragraph 2 of the Complaint.

3.  Defendants admit the allegations in Paragraph 3 of the Complaint.

4.  Defendants admit that Plaintiff was hired by CFS as a Regional Vice President on September 2, 2003, but from March 2006 plaintiff held the position of District Manager.

5.  Defendants admit that plaintiff received satisfactory evaluations of her performance and raises, but lack sufficient information and belief to admit or deny the remaining allegations in Paragraph 5.

6.  Defendants admit that plaintiff received satisfactory evaluations of her performance, but lacks sufficient information and belief to admit or deny the remaining allegations in this paragraph and on that basis denies the remaining allegations in Paragraph 6 of the Complaint.

7.  Defendants deny each and every allegation in Paragraph 7 of the Complaint.

**FIRST CAUSE OF ACTION**
**Racial Discrimination in Violation of the California Fair Employment and Housing Act.**

8.  Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

9.  Defendants admit the allegations set forth in Paragraph 9.

10. Defendants deny each and every allegation in Paragraph 10 of the Complaint.

11. Defendants admit that plaintiff filed a charge of race discrimination with the California of Fair Employment and Housing within one year of the alleged discriminatory acts; and lack sufficient information and belief as to the remaining allegations in Paragraph 11 of the

- 2 -
ANSWER
CASE NO. C074237

Complaint to admit or deny said obligations and on that basis deny the allegations.

12. Defendants deny each and every allegation in Paragraph 12 of the Complaint

## SECOND CAUSE OF ACTION
### National Origin Discrimination – FEHA

13. Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

14. Defendants admit the allegations set forth in paragraph 14.

15. Defendants deny each and every allegation in Paragraph 15 of the Complaint.

16. Defendants admit that plaintiff filed a charge of national origin discrimination with the California of Fair Employment and Housing within one year of the alleged discriminatory acts; and lack sufficient information and belief as to the remaining allegations in Paragraph 16 of the Complaint to admit or deny said obligations and on that basis deny the allegations.

17. Defendants deny each and every allegation in Paragraph 17 of the Complaint

## THIRD CAUSE OF ACTION
### Sex Discrimination – FEHA

18. Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

19. Defendants admit the allegations set forth in Paragraph 19.

20. Defendants deny each and every allegation in Paragraph 20 of the Complaint.

21. Defendants admit that plaintiff filed a charge of sex discrimination with the California of Fair Employment and Housing within one year of the alleged discriminatory acts; and lack sufficient information and belief as to the remaining allegations in Paragraph 21 of the Complaint to admit or deny said obligations and on that basis deny the allegations.

22. Defendants deny each and every allegation in Paragraph 22 of the Complaint

## FOURTH CAUSE OF ACTION
### Age Discrimination -- FEHA

23. Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

24. Defendants admit the allegations set forth in Paragraph 24.

25. Defendants deny each and every allegation in Paragraph 25 of the Complaint.

26. Defendants admit that plaintiff filed a charge of sex discrimination with the California of Fair Employment and Housing within one year of the alleged discriminatory acts; and lack sufficient information and belief as to the remaining allegations in Paragraph 26 of the Complaint to admit or deny said obligations and on that basis deny the allegations.

27. Defendants deny each and every allegation in Paragraph 27 of the Complaint.

## FIFTH CAUSE OF ACTION
### Discrimination -- FEHA

28. Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

29. Defendants admit the allegations set forth in Paragraph 29.

30. Defendants deny each and every allegation in Paragraph 30 of the Complaint.

31. Defendants admit that plaintiff filed a charge of sex discrimination with the California of Fair Employment and Housing within one year of the alleged discriminatory acts; and lack sufficient information and belief as to the remaining allegations in Paragraph 31 of the Complaint to admit or deny said obligations and on that basis deny the allegations.

32. Defendants deny each and every allegation in Paragraph 32 of the Complaint.

## SIXTH CAUSE OF ACTION
### Retaliation – FEHA

33. Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

34. Defendants admit the allegations set forth in Paragraph 34.

35. Defendants deny each and every allegation in Paragraph 35 of the Complaint.

36. Defendants admit that plaintiff filed a charge of retaliation with the California Department of Fair Employment and Housing within one year of the alleged retaliation; and lack sufficient information and belief as to the remaining allegations in Paragraph 36 of the Complaint to admit or deny said allegations and on that basis deny the allegations.

37. Defendants deny each and every allegation in Paragraph 37 of the Complaint.

## SEVENTH CAUSE OF ACTION
### Racial Discrimination-Title VII

38. Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

39. Defendants admit the allegations set forth in paragraph 39.

40. Defendants admit that plaintiff was told that she was terminated as part of a reduction in force due to changes in the business related to the acquisition of CPS by JP Morgan Chase, and deny each and every other allegation in Paragraph 40 of the Complaint.

41. Defendants admit that plaintiff filed a charge of race discrimination with the Equal Opportunity Employment Commission within 300 days of the alleged discriminatory act within one year of the alleged retaliation; Deny that the EEOC issue a right to sue letter with within ninety days of the filing of the Complaint, and lack sufficient information and belief as to the remaining allegations in Paragraph 41 of the Complaint to admit or deny said allegations and on that basis deny the allegations.

42. Defendants deny each and every allegation in Paragraph 42 of the Complaint.

- 5 -
ANSWER
CASE NO. C074237

### EIGHTH CAUSE OF ACTION
### National Origin Discrimination-Title VII

43. Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

44. Defendants admit the allegations set forth in Paragraph 44.

45. Defendants admit that plaintiff was told that she was terminated as part of a reduction in force due to changes in the business related to the acquisition of CPS by JP Morgan Chase, and deny each and every other allegation in Paragraph 45 of the Complaint.

46. Defendants admit that plaintiff filed a charge of national origin discrimination with the Equal Opportunity Employment Commission within 300 days of the alleged discriminatory act within one year of the alleged retaliation, Deny that the EEOC issue a right to sue letter with within ninety days of the filing of the Complaint, and lack sufficient information and belief as to the remaining allegations in Paragraph 46 of the Complaint to admit or deny said allegations and on that basis deny the allegations.

47. Defendants deny each and every allegation in Paragraph 47 of the Complaint.

### NINTH CAUSE OF ACTION
### Sex Discrimination-Title VII

48. Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

49. Defendants admit the allegations set forth in Paragraph 49.

50. Defendants admit that plaintiff was told that she was terminated as part of a reduction in force due to changes in the business related to the acquisition of CPS by JP Morgan Chase, and deny each and every other allegation in Paragraph 50 of the Complaint.

51. Defendants admit that plaintiff filed a charge of sex discrimination with the Equal Opportunity Employment Commission within 300 days of the alleged discriminatory act, Deny

that the EEOC issued a right to sue letter with within ninety days of the filing of the Complaint, and lack sufficient information and belief as to the remaining allegations in Paragraph 51 of the Complaint to admit or deny said allegations and on that basis deny the allegations.

52.   Defendants deny each and every allegation in Paragraph 52 of the Complaint.

## TENTH CAUSE OF ACTION
### Retaliation-Title VII

53.   Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

54.   Defendants admit the allegations set forth in Paragraph 54.

55.   Defendants admit that documents related to performance/corrective action plans was removed from plaintiff's personnel file at her request, and deny each and every allegation in Paragraph 55 of the Complaint.

56.   Defendants admit that plaintiff filed a charge of retaliation with the Equal Opportunity Employment Commission within 300 days of the alleged retaliation, deny that the EEOC issue a right to sue letter with within ninety days of the filing of the Complaint, and lack sufficient information and belief as to the remaining allegations in Paragraph 56 of the Complaint to admit or deny said allegations and on that basis deny the allegations.

57.   Defendants deny each and every allegation in Paragraph 57 of the Complaint.

## ELEVENTH CAUSE OF ACTION
### Age Discrimination-ADEA

58.   Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

59.   Defendants admit the allegations set forth in Paragraph 59.

60.   Defendants admit that plaintiff was told that she was terminated as part of a reduction in force due to changes in the business related to the acquisition of CPS by JP Morgan Chase, and deny each and every other allegation in Paragraph 60 of the Complaint.

61. Defendants admit that plaintiff filed a charge of age discrimination with the Equal Opportunity Employment Commission within 300 days of the alleged discriminatory act within one year of the alleged retaliation, deny that the EEOC issue a right to sue letter with within ninety days of the filing of the Complaint, and lack sufficient information and belief as to the remaining allegations in Paragraph 61 of the Complaint to admit or deny said allegations and on that basis deny the allegations.

62. Defendants deny each and every allegation in Paragraph 62 of the Complaint.

## TWELFTH CAUSE OF ACTION
### Retaliation- ADEA

63. Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

64. Defendants admit the allegations set forth in Paragraph 64.

65. Defendants admit that documents related to performance/corrective action plans was removed from plaintiff's personnel file at her request, and deny each and every remaining allegation in Paragraph 65 of the Complaint.

66. Defendants admit that plaintiff filed a charge of retaliation with the Equal Opportunity Employment Commission within 300 days of the alleged retaliation, Deny that the EEOC issue a right to sue letter with within ninety days of the filing of the Complaint, and lack sufficient information and belief as to the remaining allegations in Paragraph 66 of the Complaint to admit or deny said allegations and on that basis deny the allegations.

67. Defendants deny each and every allegation in Paragraph 67 of the Complaint.

## THIRTEENTH CAUSE OF ACTION
### Discrimination-Title VII and ADEA

68. Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

69. Defendants admit the allegations set forth in Paragraph 69.

70. Defendants admit that plaintiff was told that she was terminated as part of a reduction in force due to changes in the business related to the acquisition of CPS by JP Morgan Chase, and deny each and every other allegation in Paragraph 70 of the Complaint.

71. Defendants admit that plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission within 300 days of the alleged discriminatory act, deny that the EEOC issue a right to sue letter with within ninety days of the filing of the Complaint, and lack sufficient information and belief as to the remaining allegations in Paragraph 71 of the Complaint to admit or deny said allegations and on that basis deny the allegations.

72. Defendants deny each and every allegation in Paragraph 72 of the Complaint.

### FOURTEENTH CAUSE OF ACTION
### Retaliation-Title VII and ADEA

73. Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

74. Defendants admit the allegations set forth in paragraph 74.

75. Defendants admit that documents related to performance/corrective action plans was removed from plaintiff's personnel file at her request, and deny each and every remaining allegation in Paragraph 75 of the Complaint

76. Defendants admit that plaintiff filed a charge of retaliation with the Equal Opportunity Employment Commission within 300 days of the alleged retaliation, deny that the EEOC issue a right to sue letter with within ninety days of the filing of the Complaint, and lack sufficient information and belief as to the remaining allegations in Paragraph 76 of the Complaint to admit or deny said allegations and on that basis deny the allegations.

77. Defendants deny each and every allegation in Paragraph 77 of the Complaint.

## FIFTEENTH CAUSE OF ACTION
### Racial Discrimination-42 U.S.C. 1981

78. Defendants hereby incorporate the denials and admissions in Paragraphs 1 through 7 as if set forth in full.

79. Defendants admit the allegations set forth in paragraph 79.

80. Defendants admit that plaintiff was told that she was terminated as part of a reduction in force due to changes in the business related to the acquisition of CPS by JP Morgan Chase, and deny each and every other allegation in Paragraph 80 of the Complaint.

81. Defendants deny each and every allegation in Paragraph 81 of the Complaint.

## DAMAGES

82. Defendants deny each and every allegation in Paragraph 82 of the Complaint

83. Defendants deny each and every allegation in Paragraph 83 of the Complaint

84. Defendants deny each and every allegation in Paragraph 84 of the Complaint

85. Defendants deny each and every allegation in Paragraph 85 of the Complaint

86. Defendants deny each and every allegation in Paragraph 86 of the Complaint

87. Defendants deny each and every allegation in Paragraph 87 of the Complaint.

88. Defendants deny each and every allegation in Paragraph 88 of the Complaint

89. Defendants deny each and every allegation in Paragraph 89 of the Complaint

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As and for first, separate and distinct affirmative defense to said Complaint, the Defendants allege that the Complaint, and each claim for relief therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

As and for a second, separate and distinct affirmative defense to said Complaint, the Defendants allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, by the applicable statute of limitations including, without limitation, Code of Civil Procedure §§ 335.1, 338, 339, Government Code § 12900, *et seq.*, 42 U.S.C 2000e-5 (f)(1), 29 CFR 1601.28 (e) (1)

## THIRD AFFIRMATIVE DEFENSE

As and for a third, separate and distinct affirmative defense to said Complaint, the Defendants allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

As and for a fourth, separate and distinct affirmative defense to said Complaint, the Defendants allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

As and for a fifth, separate and distinct affirmative defense to said Complaint, the Defendants allege that by reason of the Plaintiff's own acts and failures to act, the Plaintiff has waived any right to recovery from the answering Defendants.

## SIXTH AFFIRMATIVE DEFENSE

As and for a sixth, separate and distinct affirmative defense to said Complaint, the Defendants allege that by reason of the Plaintiff's own acts and failures to act, the Plaintiff is estopped to assert any right to recovery from the answering Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh, separate and distinct affirmative defense to said Complaint, the Defendants allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, due to the Plaintiff's failure to exercise reasonable care in reducing or mitigating any damages suffered.

### EIGHTH AFFIRMATIVE DEFENSE

As and for an eighth, separate and distinct affirmative defense to said Complaint, the Defendants allege that the Defendants' alleged actions were not in violation of any public policy embodied in California law.

### NINTH AFFIRMATIVE DEFENSE

As and for a ninth, separate and distinct affirmative defense to said Complaint, the Defendants allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, to the extent the damages, losses, or injuries alleged in the Complaint are non-economic damages within the meaning of Civil Code § 1431.2 and were caused, or causally contributed to, by the acts or omissions of one or more third parties for which these answering Defendants are neither responsible nor liable.

### TENTH AFFIRMATIVE DEFENSE

As and for a tenth, separate and distinct affirmative defense to said Complaint, the Defendants allege that on information and belief, the Plaintiff has received reimbursement or other compensation for all or part of the damages, losses or injuries alleged in the Complaint; consequently, the amount of any damages that the Plaintiff may recover against the answering Defendants must be diminished *pro tanto*.

### ELEVENTH AFFIRMATIVE DEFENSE

As and for an eleventh, separate and distinct affirmative defense to said Complaint, the Defendants allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, because the conduct of the Defendants was justified or privileged under the circumstances, including conduct of individuals within their managerial capacity in protecting the interests of the answering Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

As and for an twelfth, separate and distinct affirmative defense to said Complaint, the Defendants allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, because the Defendants' conduct was reasonable in response to legitimate business necessity.

### THIRTEENTH AFFIRMATIVE DEFENSE

As and for a thirteenth, separate and distinct affirmative defense to said Complaint, the Defendants allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, because the Plaintiffs' employment was at will within the meaning of Labor Code § 2922.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for a fourteenth, separate and distinct affirmative defense to said Complaint, the Defendants allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, for failure to properly exhaust administrative remedies for discrimination claims, including those required by Government Code § 12960, *et seq.* and 42 U.S.C. 2000e-2000e-17.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for a fifteenth, separate and distinct affirmative defense to said Complaint, the Defendants allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, due to Plaintiff's wrongful conduct as an employee, including after-acquired evidence of misconduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for a sixteenth, separate and distinct affirmative defense to said Complaint, the Defendants allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, to the extent the Worker's Compensation Act provides the exclusive remedy for the Plaintiffs' claims or injuries.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As and for a seventeenth, separate and distinct affirmative defense to said Complaint, the Defendants allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, because the alleged statements by the Defendants were privileged under Civil Code § 47.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As and for a eighteenth, separate and distinct affirmative defense to said Complaint, the Defendants allege that they took reasonable care to prevent and/or correct the acts complained of in the Complaint, and that the Plaintiff failed and refused to take advantage of the preventative and/or corrective opportunities provided by the Defendants, or otherwise avoid the harm

complained of.

### NINETEENTH AFFIRMATIVE DEFENSE

As and for a nineteenth, separate and distinct affirmative defense to said Complaint, the Defendants allege that the Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. The Defendants reserve the right to assert additional affirmative defenses in the event investigation and discovery indicate that they would be appropriate.

WHEREFORE, the Defendants pray for judgment as follows:

1. That the Plaintiff take nothing by reason of the Complaint herein;
2. That the Complaint be dismissed in its entirety with prejudice;
3. That the Defendants be awarded their costs of suit, including reasonable attorneys' fees to the extent permitted by law; and
4. For such other and further relief as the Court deems proper.

DATED: Sd 6 07              GUTIERREZ ■ RUIZ

By: [signature]
Robert E. Belshaw
Attorneys for Defendants

GUTIERREZ ■ RUIZ
244 CALIFORNIA STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111