ROBERT E. BELSHAW, ESQ. (SBN 142028)
Of Counsel
GUTIERREZ ▪ RUIZ
244 California Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 398-2385
Facsimile: (415) 398-5800

Attorneys for Collegiate Funding Services, Inc.,
Collegiate Funding Services LLC, JP Morgan
Chase Bank, N. A. and Members Connect, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA C. SUTTON<br><br>Plaintiff,<br><br>v.<br><br>COLLEGIATE FUNDING SERVICES, INC., COLLEGIATE FUNDING SERVICES LLC, JP MORGAN CHASE BANK, N. A., MEMBERS CONNECT INC., AND DOES ONE THROUGH FIFTY,<br><br>Defendants. | Case No. C 07-4237 PJH<br><br>**Joint Case Management Statement**<br><br>**Date: December 6, 2007**<br><br>**Time : 2:30 p.m.**<br><br>**Courtroom 3**<br><br>**Hon. Phyllis J. Hamilton** |

1.  <u>Jurisdiction and Service:</u>  The Complaint in this action seeks relief under Federal statutes (42 U. S. C 2000e *et seq.*) and is properly before this Court pursuant to 28 U.S.C. 1441 (b) for the reason that the plaintiff in this action alleges violations of the laws of the United States, over which this court has original jurisdiction. All named defendants have appeared.

2.  <u>Facts:</u>  Plaintiff was employed by Collegiate Funding Services as a Regional Vice President. In late 2005, JP Morgan Chase Bank, N.A. ("JPMC") acquired Collegiate and began to merge its operations with those of JPMC's existing subsidiary, Chase Education Finance Group. It is Defendants' position that from January through October 2006, 49 positions were eliminated from the merged organizations as redundant. Plaintiff, who is African by descent and

was born in Trinidad, alleges that her termination was the result of race, national origin, gender, and age discrimination, and that she was subject to retaliation. Defendants deny any retaliation and contend that her termination was for non-discriminatory reasons: as a result of the merger, her position was redundant, and an existing Chase employee was more familiar with the products and clients in the region. Plaintiff contends she was more qualified and experienced and that she was not selected because of her age, race, gender national origin and because she complained about discrimination.

3.    <u>Legal Issues:</u>   There appear to be no disputed legal issues. Rather, this case turns on factual disputes. Plaintiff contends her termination was the result of unlawful discrimination. Defendants assert her termination was the result a legitimate business purpose.

4.    <u>Motions:</u>   Defendants and Plaintiff anticipate a summary judgment/summary adjudication motion following discovery.

5.    <u>Amendment of Pleadings:</u>   The parties do not anticipate any immediate amendment of the pleadings and Defendants suggest as a deadline thirty days prior to the date set for the pre-trial conference. Plaintiff believes no such deadline is necessary and although she does not currently plan to amend believes a deadline would be inappropriate.  Plaintiff should be permitted to amend anytime so long as the defendant is not prejudiced.

6.    <u>Evidence Preservation:</u>  All documents and other communications relevant to this action have been preserved since July 19, 2006 after the EEOC claim was made.

7.    <u>Disclosures:</u> Counsel conferred initially on October 31, 2007, and subsequently agreed to exchange copies of documents and witness information on December 12, 2007.

8.    <u>Discovery:</u>    No discovery has been taken to date.  The parties anticipate that discovery will consist of investigating the factual basis underlying the plaintiff's allegations of discriminatory motives, and the facts supporting the defendants' contentions that the decision to terminate the plaintiff was part of a reduction in force motivated by a legitimate business purpose.  It is the parties' position that discovery should close 30 days prior to trial but if the court insists on setting a date no earlier than September 30th.

Protective orders concerning third party employment records should be obtained through stipulation if possible.

9. <u>Class Actions:</u> This case is not a class action

10. <u>Related Cases</u>: None

11. <u>Relief</u> Defendants contend that in the event liability is established, any calculation in damages must provide credit for the severance package which was offered to plaintiff. Plaintiff requests damages for back pay, front pay, emotional distress other losses and punitive damages. Plaintiff will take a position on defendant's mitigation theory at a later date. It is too early to determine the amounts plaintiff seeks in damages. However, plaintiff was making approximately $119,679.00 a year with an annual bonus of approximately $15, 000 at the time of her termination. She had no earned income between May 31, 2006 and the time she accepted a lesser position in June of 2007.  Her current salary is approximately $46,000 a year and she has no bonus potential .Plaintiff will employ an expert at trial to calculate her wage loss which is continuing and substantial.

12. <u>Settlement and ADR:</u>  The parties requested an ADR conference on October 31, 2007 and continue to request such a conference.

13: <u>Consent to Magistrate Judge for All Purposes:</u> Defendants have declined to proceed before a magistrate judge. Plaintiff agreed to the Magistrate appointed for all purposes.

14. <u>Other References</u>: None

15. <u>Narrowing of Issues</u>: Defendants anticipate bringing summary judgment/summary adjudication motions on both the retaliation and discrimination claims.

16. <u>Expedited Schedule</u>: This case does not appear appropriate for a expedited schedule.

17. <u>Scheduling</u>:  The parties believe the earliest reasonable pretrial dates are as follows:

    A.     Non-expert discovery cut-off:   October 30, 2008; Expert witness disclosures: October 15, 2008; Supplemental expert witness disclosures:  November 1, 2008; Expert witness discovery cut-off:  December 15, 2008.

    B.     Hearing on Dispositive Motions:    November 1, 2008

     C.     Pretrial Conference:

     D.     Trial: March 2009

18.    <u>Trial</u>: All parties request a jury trial. Defendant's anticipated length is ten court days. Plaintiff anticipates 15- 20 court days.

19.    Defendants are filing a "Certification of Interested Entities or Persons" pursuant to Rule 3-16 with this Case Management Conference Statement. Defendants Collegiate Funding Services, Inc., Collegiate Funding Services LLC, and Members Connect, Inc. are wholly owned subsidiaries of JP Morgan Chase Bank, N. A.. JP Morgan Chase Bank N.A. is a publicly traded corporation and no individual or entity owns more than ten percent of its stock.

Dated: November 28, 2007                     GUTIERREZ RUIZ

                                                     <u>/s/Robert Belshaw</u>
                                                     Robert Belshaw
                                                     Attorneys for Defendants

Date: November 28, 2007                      LAWLESS & LAWLESS

                                                     <u>/s/ Barbara A. Lawless</u>
                                                     Barbara A. Lawless
                                                     Attorneys for Plaintiffs

GUTIERREZ-RUIZ
244 CALIFORNIA STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111