UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICIA C. SUTTON,

    Plaintiff,

    v.

COLLEGIATE FUNDING SERVICES, et al.,

    Defendants.

_____/

No. C 07-4237 PJH

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Defendants' motion for summary judgment came on for hearing on August 19, 2009 before this court. Plaintiff Patricia C. Sutton appeared by her counsel Sonya Smallets, and defendants appeared by their counsel Robert Belshaw. Having read the parties' papers and carefully considered their arguments, and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion as follows for the reasons stated at the hearing.

    Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are those that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

Plaintiff alleges discrimination in employment on the basis of race, national origin, sex, and age, and retaliation, in violation of the California Fair Employment and Housing Act, California Government Code §§ 12900, et seq.; Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, et seq.; and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq.; and also alleges discrimination on the basis of race, in violation of 42 U.S.C. § 1981.

Evidence of discrimination may be direct or indirect. To prevail on a claim of discrimination or retaliation using indirect evidence, under either federal or state law, a plaintiff must establish a prima facie case of discrimination or retaliation. If the plaintiff succeeds in establishing a prima facie case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. If the defendant provides such a reason, then the burden shifts back to the plaintiff to show that the employer's reason is a pretext for discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973); Vasquez v. County of Los Angeles, 349 F.3d 634, 640 (9th Cir. 2003); Bergene v. Salt River Project Agr. Imp. and Power Dist., 272 F.3d 1136, 1140 (9th Cir. 2001). The McDonnell Douglas burden-shifting framework is also applicable to claims of discrimination and retaliation pursuant to California law under FEHA. See Guz v. Bechtel Nat. Inc., 24 Cal.4th 317, 354 (2000); Flait v. North American Watch Corp., 3 Cal. App. 4th 467, 476 (1992).

Here, plaintiff has established a prima facie case of discrimination and retaliation, and defendants have articulated a legitimate, nondiscriminatory reason for her termination. The court finds, however, that summary judgment must be denied because plaintiff has provided evidence sufficient to raise a triable issue as to whether defendants' articulated explanation was a pretext for discrimination and retaliation.

As the court indicated at the hearing, while some of plaintiff's evidence constitutes inadmissible hearsay, plaintiff has provided admissible evidence that casts doubt on Craig Anderson's explanation of why he selected Jeff Parks for the position of Western Regional Manager, and that also cast doubt on Jeff Parks' explanation of why he selected Gregg

Kerr to replace plaintiff as Regional Vice-President.

Accordingly, because triable issues remain with regard to the claims of discrimination and retaliation, the motion is DENIED.

**IT IS SO ORDERED.**

Dated:  August 20, 2009

PHYLLIS J. HAMILTON
United States District Judge